Dwayne E. STAPLES, Plaintiff–
Appellant,

v.

KRACK CORPORATION, an Illinois
corporation, Defendant–
Appellee.

No. 98–3846.

United States Court of Appeals,
Seventh Circuit.

Argued Feb. 25, 1999.

Decided Aug. 4, 1999.

Rehearing Denied Sept. 24, 1999.

Mark W. Damisch (argued), Barcley & Damisch, Chicago, IL, for Plaintiff–Appellant.

Michael G. Patrizio (argued), David Farina, Dowd & Dowd, Chicago, IL, for Defendant–Appellee.

Before BAUER, WOOD, JR., and RIPPLE, Circuit Judges.

HARLINGTON WOOD, JR., Circuit Judge.

Plaintiff-appellant Dwayne E. Staples, a citizen of Texas, brought this diversity action against defendant-appellee Krack Corporation ("Krack"), an Illinois corporation, for injuries he sustained while moving a long wooden beam known as a skid which was obstructing his exit from Krack's property. The district court granted summary judgment for Krack, and Staples appeals.

## I. BACKGROUND

On April 18, 1998, Staples, the owner-operator of Staples Trucking, arrived at Krack's facility in Addison, Illinois, to pick up a cooling coil for transport to Laredo, Texas. Staples, who was driving a tractor-trailer, arrived at the property at approximately 3:00 p.m., accompanied by his team driver, Richard Grieves. Staples pulled his truck into the facility's loading area which was surrounded by a gated yard. Staples and Grieves remained at the Krack facility for almost six hours and assisted with the loading of the coil. As a part of the loading process, a customized wooden skid was built for the cooling coil which allowed the coil to be loaded and secured in the truck. Approximately four or five hours into the coil-loading process, it began to rain. Staples described the rain as a very severe thunderstorm with thunder, lightning, and hard rain.

While the coil was being loaded but before the storm began, Staples observed a Krack employee operating a forklift in the yard outside of the loading area. The forklift driver was gathering skids and other scraps of wood and placing them in piles at various points around the yard. One of these piles was placed near the yard's exit

gate. This particular pile, which Staples described as a "massive pile of skids and wooden pallets," had a long wooden skid sticking out from the bottom of the pile. The protruding skid, which measured approximately four inches by six inches by twenty feet, partially blocked the exit gate. When Staples saw the pile with the protruding skid, he realized that he would not be able to maneuver his truck around the obstruction and through the exit gate. Because the gate was the only means of exiting the property, Staples asked a Krack supervisor to have someone remove the skid with a forklift. The Krack supervisor told Staples that he would have someone move the skid when it stopped raining. At that point, it had been storming heavily for over an hour.

Staples had a time schedule to meet in delivering the cooling coil. Although he was not behind schedule at the time and knew of no penalty for late delivery of the coil, Staples decided not to wait for the rain to stop and instead pulled his truck away from the dock at approximately 9:00 p.m., soon after the loading was completed. Staples attempted to maneuver his truck around the obstruction and through the gate. He succeeded in getting his tractor out of the gate, but the rear wheels of the trailer were blocked by the protruding skid. Staples and Grieves got out of the truck and managed to move the skid manually six inches to the side, freeing the trailer. In the process of moving the skid, which was under quite a bit of debris, Staples injured his back. Grieves helped Staples into the truck, and the two men left the Krack facility and transported the cooling coil to Texas.

Staples filed this diversity action, alleging that Krack breached the duty of care it owed to him as a business invitee. Staples contends that Krack employees created an unreasonably dangerous condition by negligently stacking the wood in such a way as to obstruct the only means of exit from the yard. Furthermore, Staples asserts that, because Krack employees refused to recti-fy the situation immediately, he had no choice but to risk injury by attempting to remove the obstruction himself. Krack moved for summary judgment, arguing that it did not have a duty to protect Staples from the injury he suffered because the obstruction constituted an open and obvious danger. The district court granted Krack's motion, and Staples filed this timely appeal. We apply federal procedural law and Illinois substantive law. *See Erie R.R. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

## II. ANALYSIS

We review the district court's grant of summary judgment *de novo*. *Wilson v. Chrysler*, 172 F.3d 500, 503 (7th Cir.1999). Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c). In our analysis, we must view all reasonable inferences in the light most favorable to Staples, the non-moving party. *Wilson*, 172 F.3d at 503.

To state a cause of action for negligence under Illinois law, a plaintiff must show that (1) the defendant owed him a duty of care; (2) the defendant breached that duty; and (3) the breach was the proximate cause of his injuries. *Ward v. K mart Corp.*, 136 Ill.2d 132, 143 Ill.Dec. 288, 554 N.E.2d 223, 226 (1990). Whether a duty exists is a question of law. *LaFever v. Kemlite*, 185 Ill.2d 380, 235 Ill.Dec. 886, 706 N.E.2d 441, 446 (1998). In determining whether a duty exists, a court must "consider not only the reasonable (1) foreseeability and (2) likelihood of injury, but also (3) the magnitude of the burden on defendant in guarding against injury and (4) the consequences of placing that burden on defendant." *Id.* At issue in this appeal is the foreseeability prong of the duty test. Under the foreseeability prong, a possessor of land does not owe a duty of care to protect an invitee from harm caused by conditions whose danger is known or obvious to the invitee unless

the possessor should have anticipated the harm despite the known and obvious nature of the danger. *Id.* at 447. Staples asserts that genuine issues of material fact exist with respect to whether the skid constituted a known and obvious danger and, alternatively, as to whether Krack should have anticipated the harm under the deliberate encounter exception to the known and obvious hazard doctrine. We address each argument in turn.

■ Staples contends that questions of fact exist as to whether he knew or appreciated the danger in attempting to move the protruding skid. Specifically, he asserts that there is no evidence that he knew how much the pile weighed before he attempted to move the skid. However, Staples testified in his deposition that the protruding skid was covered by a "massive pile" of debris which looked heavy to him. It is not necessary for Staples to have known the exact weight of the pile, which he later estimated at several hundred pounds, for him to know and appreciate the danger in attempting to manually move a twenty-foot-long protruding skid which was covered by a massive pile of debris. We agree with the district court's conclusion that the moving of the protruding skid constituted a known and obvious danger.

■ Staples further contends that, even if the danger was known and obvious, genuine issues of fact exist as to whether Krack is nevertheless liable because, under the deliberate encounter exception, Krack should have anticipated the harm to Staples. Unlike the district court, we have the benefit of the Illinois Supreme Court's opinion in *LaFever*, issued after summary judgment was granted in this case, to guide our analysis on this point. Under the deliberate encounter exception, a pos-

sessor of land should anticipate harm to an invitee when the possessor has reason to expect that the invitee will proceed to encounter the danger despite its known and obvious nature because, to a reasonable man in his position, the advantages of doing so would outweigh the apparent risk. *LaFever*, 235 Ill.Dec. 886, 706 N.E.2d at 448. In *LaFever*, the Illinois Supreme Court recognized that a possessor of land should reasonably foresee that an invitee will deliberately encounter a danger if doing so is necessary in order for the invitee to fulfill his employment obligations. *Id.* The deliberate encounter exception does not require a plaintiff to furnish proof of an actual threat of termination if the danger is not encountered. *Id.* at 449, 235 Ill.Dec. 886. Rather, the exception requires facts to support a conclusion that if the plaintiff fails to encounter the danger he will suffer negative consequences in terms of his employment, including discipline that falls short of termination. *Id.*

■ Staples was contracted to transport the cooling coil from the Krack facility in Addison, Illinois to Laredo, Texas. He points to unrebutted evidence that he had a deadline to meet in delivering the cooling coil and that truck drivers are sometimes subjected to monetary or time off penalties for late deliveries.[1] It is undisputed that the obstructed gate constituted the sole means of exit from the Krack facility. The protruding skid needed to be moved only a few inches to allow the truck to exit the gate. The present case is analogous to the following illustration from the Restatement (Second) of Torts which the Illinois Supreme Court found instructive in *LaFever*:

A owns an office building, in which he rents an office for business purposes to B. The only approach to the office is

---

1. Krack points out that in his deposition Staples testified that he did not know of an express penalty for late delivery of the shipment in question. However, the actual consequences to a plaintiff for refusing to encounter a danger are relevant only in determining whether the plaintiff unnecessarily assumed

the risk and not in determining whether a duty existed on the part of a defendant because the defendant would have no reason to know the actual consequences absent individual interviews with every business invitee. *LaFever*, 235 Ill.Dec. 886, 706 N.E.2d at 449.

over a slippery waxed stairway, whose condition is visible and quite obvious. C, employed by B in the office, uses the stairway on her way to work, slips on it and is injured. Her only alternative to taking the risk was to forgo her employment. A is subject to liability to C.

LaFever, 235 Ill.Dec. 886, 706 N.E.2d at 448–49 (quoting Restatement (Second) of Torts § 343A, Illustration 5, at 221 (1965)). While Krack contends that Staples had the reasonable alternative of waiting for a Krack employee to move the debris with a forklift after the rain stopped, the Illinois Supreme Court has expressly rejected as incompatible with the Restatement view a test which would require a showing that the worker had no reasonable alternative but to encounter the danger before liability could attach. Id. at 448, 235 Ill.Dec. 886. Furthermore, by the time Staples was ready to leave the Krack facility it was 9:00 at night and had been storming heavily for over an hour. Given all of these facts, Krack clearly could have expected a reasonable person in Staples' position to attempt, with the aid of Richard Grieves, to manually move the obstructing skid the small distance necessary to clear the exit. The record in this case supports the application of the deliberate encounter exception. Applying the deliberate encounter exception, we find that Staples has fulfilled the foreseeability prong of the duty test, and, therefore, the district court erred in granting summary judgment to Krack.

### III. CONCLUSION

The district court's grant of summary judgment is REVERSED, and the case is REMANDED to the district court for further proceedings consistent with this opinion.